UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Shante Delesline,<br><br>    Plaintiff,<br><br>v.<br><br>Publix Super Markets, Inc.<br><br>    Defendant. | Civil Action File Number: |

COMPLAINTS FOR DAMAGE

COMES NOW, Shante Delesline ("Plaintiff"), Plaintiff in the above-styled action (hereinafter "Plaintiff"), and files this Complaint for tort and related matters against Defendant Publix Super Markets, Inc. ("Defendant Publix"), and respectfully shows this honorable Court the following:

PARTIES AND JURISDICTION

1.

Plaintiff Shante Delesline (Hereinafter, "Plaintiff of Ms. Delesline") resides in Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Publix Super Markets, Inc. (hereinafter referred to as "Defendant Publix") Foreign Profit Corporation, created under the laws of Florida, authorized to conduct business in the State of Georgia. Defendant Publix's managing member, Randall T. Jones, Sr., may be located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811. Defendant's principal place of business is located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811. Defendant Publix may be served through its registered agent for the service of process, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st. Floor, Marietta, Georgia 30066.

3.

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as the parties are Diverse in citizenship and the amount in controversy exceeds $75,000.00.

STATEMENT OF FACTS

4.

Plaintiff hereby repleads and reincorporates her allegations contained in paragraphs 1 through 3 above as if alleged herein.

5.

On or about July 19, 2020, at Publix Supermarket Store in the city of Sandy Spring, GA., Plaintiff entered the subject premises of the Publix grocery store located at 1100 Hammond Dr Ne Suite 300 Sandy Springs, Ga 30328-8153 (hereinafter "subject premises") owned and/or operated by the Defendants.

6.

Plaintiff entered the subject premises for a lawful purpose of patronage as an invitee.

7.

At all times relevant to this complaint, Plaintiff was an invitee of the subject premises.

8.

At all times relevant to this complaint, Plaintiff exercised ordinary care and diligence for her safety.

9.

Plaintiff walked into the subject premises to make a purchase as a legal invitee.

10.

The Plaintiff was shopping in Publix and while walking towards the checkout line, she suddenly fell to the floor of the store. After her fall, she realized that there was a pool of clear liquid on the floor that caused her to fall.

11.

There were no signs anywhere near the location of the Plaintiff's fall that warned the or others of the condition of the floor.

12.

Subsequent of her fall, the Plaintiff observed a Publix employee with a mop near the location of her fall. (See image below).



Publix employee mopping near the location of Plaintiff's fall.

13.

As the Plaintiff sat on the floor of the store, the Publix employees did not render help but stood in awe. The Plaintiff's 11-year-old son struggled to help his mother get off the floor.

14.

When the manager arrived and heard what happened, she began to fuss at the employee. The Plaintiff witnessed the manager saying, "I have told y'all over and over again to wait until closing to clean the floors unless there is an active spill." The Plaintiff witness one of the employees still mopping the floor as the manager was fussing.

15.

The manager cursed at the employee and told her to put the mop down and just leave. The next day the Plaintiff was in excruciating pain, so she went to the Piedmont Urgent Care.

16.

Defendant and/or Defendant's agents or employees possessed superior knowledge of the hazard complained of herein.

17.

Defendant and/or Defendant's agents or employees possessed actual and/or constructive knowledge that invitees would enter the subject premises and walk in the area where the hazard was in order utilize the subject premises for its intended purpose.

18.

At the time of the incident, no signage warning of hazards or unsafe conditions were present in the area where Plaintiff fell.

19.

Plaintiff suffered bodily injuries as a result of the fall.

20.

To date, Plaintiff has incurred medical expenses for the treatment of injuries suffered as a result of the fall including over $200,000.00 past medical expenses, future medical expenses, past, present and future pain & suffering, diminished capacity to labor, loss of enjoyment of life, permanent partial disability, and lost wages.

COUNT I – NEGLIGENCE OF DEFENDANT PUBLIX - O.C.G.A.§ 51-3-1

21.

Plaintiff hereby repleads and reincorporates his allegations contained in paragraphs 1 through 20 above as if alleged herein.

22.

Defendant Publix possessed superior or equal knowledge of the hazard complained of herein.

23.

Defendant Publix possessed actual knowledge that customers would enter the subject premises, and/or constructive knowledge that they would walk in the area where the hazard was present in order make purchases inside of the subject premises.

24.

Defendant Publix had a duty to maintain a safe, clean and navigable business for invitees such as Plaintiff pursuant to O.C.G.A.§ 51-3-1.

25.

Defendant Publix breached its duty to Plaintiff by maintaining a hazardous condition on its premises.

26.

Defendant Publix had a duty to inspect the premises, to discover possible unsafe conditions and to take precautions to protect invitees such as Plaintiff from such danger at all times relevant to this Complaint.

27.

Defendant Publix breached their duty to Plaintiff by failing to inspect the premises to discover possible unsafe conditions and/or hazards and by failing to take precautions to protect invitees such as Plaintiff from such danger.

28.

Defendant Publix had a duty to warn invitees such as Plaintiff of dangerous conditions at all times relevant to the Complaint.

29.

Defendant Publix breached its duty to Plaintiff by failing to warn invitees of possible unsafe conditions and to take precautions against them, as there were no warning signs or other indications to invitees that a hazard or unsafe condition existed in the area where Plaintiff fell.

30.

Defendant Publix breached its duty of care to Plaintiff by failing to remedy the unsafe condition on its premises.

31.

These breaches of the duties of care Defendant Publix owed to Plaintiff constitute actionable negligence.

32.

Defendant Publix's negligence was the direct and proximate cause of Plaintiff's bodily injuries and damages.

32.

Defendant Publix is liable for the injuries and damages suffered by Plaintiff.

33.

As a result of Defendant Publix's negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, consequential damages, and economic damages.

PRAYER FOR RELIEF

WHEREFORE Plaintiff, respectfully demands that judgment be entered in her favor against all Defendant and that Plaintiff receive an award of damages in a fair and reasonable amount to include all damages recoverable at law including:

a. Provide a trial by jury;

b. That process be issued and that service be had on the Defendants;

c. Find that the Defendants negligently maintained the subject premises and the Defendants' actions were the cause of Plaintiff's damages;

d. Award Plaintiff's damages including cost of past, present, and future medical treatment of injuries, mileage, lost wages, pain and suffering, diminished capacity to labor, loss of enjoyment of life, and compensation for permanent disability incurred by Plaintiff in an amount to be proven before this Court at a hearing or trial as a result of the Defendants' negligence, and

e. Award any other relief as the Court may deem just and proper in the circumstances.

Respectfully submitted this 8th day of July 2022.

>*/s/ Harry Daniels*
>Harry Daniels, Esq.
>Georgia Bar No. 234158
>Crystal Carey, Esq.
>Georgia Bar No. 808839

Law Offices of Harry M. Daniels, LLC

4751 Best Road Suite 490
Atlanta, GA 30337-5600
(678)664-8529 Telephone
(800) 867-5248 Facsimile
daniels@harrymdaniels.com
carey@harrymdaniels.com